IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAPUNAKEA PARTNERS, a Hawaii limited partnership, WAIEHU BEACH PARTNERS, a Hawaii limited partnership,<br><br>    Plaintiffs,<br><br>  v.<br><br>EQUILON ENTERPRISES LLC, dba SHELL OIL PRODUCTS US, a Delaware limited liability company; ALOHA PETROLEUM, LTD., a Hawaii corporation,<br><br>    Defendants. | Civ. No. 09-00340 ACK-KSC |

## ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER AS MODIFIED

### PROCEDURAL BACKGROUND

On July 2, 2009, Plaintiffs Kapunakea Partners, a Hawaii limited liability partnership ("Kapunakea"), and Waiehu Beach Partners, a Hawaii limited liability partnership ("Waiehu") (collectively, "Plaintiffs"), filed a complaint against Defendant Equilon Enterprises LLC dba Shell Oil Products U.S. ("Shell") in the Circuit Court for the Second Circuit of the State of Hawaii. See Doc. No. 1. The Complaint asserted the following counts: (I) unfair methods of competition under Hawaii Revised Statutes ("HRS") § 480-2; (II) interference with a prospective economic

advantage; (III) declaratory judgment; and (IV) breach of contract.  See id. Ex. A.

On July 23, 2009, Shell removed the action to this Court based on diversity jurisdiction.  See Doc. No. 1.  Thereafter, Shell filed a motion to dismiss Counts I and II, which the Court denied on November 23, 2009.  Doc. No. 17.  On November 9, 2010, the case was stayed pursuant to a sealed contingent settlement agreement.  Doc. No. 66.  Litigation resumed upon request by Plaintiffs, and on December 9, 2011, Plaintiffs filed a Motion for Leave to File an Amended and Supplemental Complaint ("Plaintiffs' Motion to Amend").  Doc. No. 83.  On February 9, 2012, Shell filed an opposition to Plaintiffs' Motion to Amend ("Shell's Opposition").  Doc. No. 104.  The Magistrate Judge granted the motion at a hearing on March 2, 2012.  Doc. No. 119.  A written order followed on March 22, 2012 ("Order Granting Leave to Amend").  Doc. No. 129.

On March 28, 2012, Shell filed a motion for reconsideration of the Order Granting Leave to Amend ("Motion for Reconsideration").  Doc. No. 133.  On March 29, 2012, the Magistrate Judge denied the order for Reconsideration ("Order Denying Reconsideration").  Doc. No. 134.  On April 5, 2012, Shell filed an appeal of the Order Granting Leave to Amend and Order Denying Reconsideration ("Shell's Appeal").  Doc. No. 138.

On April 23, 2012, Plaintiffs filed an opposition to Shell's Appeal ("Plaintiffs' Opp'n"). Doc. No. 146.

Meanwhile, on March 6, 2012, the Court approved the parties' stipulation to lift the stay of proceedings. Doc. No. 121. On March 21, 2012, Plaintiffs filed an Amended Complaint ("Am. Compl."), which inter alia, added non-diverse Aloha Petroleum, Ltd. ("Aloha") as a defendant. Doc. No. 127. On April 4, 2012, Shell filed an answer to the amended complaint and counterclaims ("Shell's Counterclaims") against Plaintiffs. Doc. No. 137. On April 30, 2012, Plaintiffs filed a motion to dismiss Shell's Counterclaims, which is set to be heard before this Court in August 2012. Doc. Nos. 148 & 149. On May 4, 2012, Aloha filed a Motion to Dismiss itself from the action, which is also set to be heard before this court in August 2012. Doc. Nos. 152 & 154. On May 22, 2012, Plaintiffs filed a motion to remand to state court for lack of subject matter jurisdiction, which is set to be heard before the Magistrate Judge on September 5, 2012. Doc. No. 156.

## FACTUAL BACKGROUND[1/2/]

---

[1/] Further background regarding these actions is provided in this Court's November 23, 2009, "Order Denying Defendant's Motion to Dismiss Counts I and II of the Complaint." Doc. No. 17.

[2/] The facts as recited in this Order are not to be construed as findings of fact that the parties may rely on in future proceedings.

3

Kapunakea is the owner of gas facilities, a convenience store, a car wash, and retail office spaces at a property located in Lahaina, Hawaii. Am. Compl. ¶ 6. Waiehu is the owner of a property located in Wailuku, Hawaii. Id. ¶ 26. Both Plaintiffs are gasoline dealers. Id. ¶¶ 7, 27.

Effective May 1, 2004, Kapunakea and Waiehu each entered into a coupling of agreements with Shell. They entered into retail sales agreements ("Retail Sales Agreements" or "RSAs") and recapture agreements ("Recapture Agreements"), the latter of which included addenda ("Recapture Agreements Addenda") (collectively, "Agreements"). In the Retail Sales Agreements, Shell agreed to sell gasoline to each Plaintiff. Id. ¶¶ 8, 28.

In the Recapture Agreements, Shell agreed to provide each Plaintiff with funds to make certain improvements at their respective gas stations. Id. ¶¶ 9, 29. Pursuant to Section 2(d) of the Recapture Agreement Addenda, Plaintiffs had the right to terminate the Agreements at any time within "the first 12 month-period after the Effective Date of the RSA and Agreement upon 30 days' written notice prior to the expiration of the first 12-month period."[3/] Id. ¶¶ 11, 31.

---

[3/]Although attached to the original complaint, Plaintiffs did not attach a copy of the Agreements to their Amended Complaint. As a general rule, an amended complaint supersedes the original complaint. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Local Rule 10.3 requires a party filing an amended complaint to reproduce the entire pleading as amended and provides that a party may not incorporate any part of a prior

4

Plaintiffs assert that on or about March 28, 2005, Garth Nakamura sent an email on behalf of Plaintiffs to Shell requesting assistance with instructions for notification to terminate the Agreements.  Id. ¶ 13.  Plaintiffs assert that on or before April 30, 2005, Kapunakea and Waiehu deposited letters addressed to Shell and dated April 29, 2005, in the mail.  Id. ¶¶ 15, 33.  By letter dated May 13, 2005, Shell stated that Plaintiffs had not timely exercised their rights to terminate under Section 2(d) of the Recapture Agreement Addenda.  Id. ¶ 46.  In contrast, Plaintiffs contend that they have terminated the Agreements consistent with Section 2(d) of the Recapture Agreements Addenda and that they are thus not obligated to pay Shell liquidated damages specified in Articles 6(b) and 6(c) of the Recapture Agreements.  Id. ¶¶ 24, 42.

In November 2010, Shell assigned to Aloha all or some of its rights and obligations under the Agreements (the "Assignment").  Id. ¶ 58.  Pursuant to the Assignment, Aloha

---

pleading by reference without leave of court.  Plaintiffs have not requested to incorporate the Agreements.  Plaintiffs' Amended Complaint, however, quotes the Agreements and the Amended Complaint necessarily relies on them.  Shell quotes the Agreements in its papers relevant to the instant motion and has not disputed their authenticity.  The Court will therefore consider the Agreements.  See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1042 (9th Cir. 2011) (concluding it was proper to consider a deed of trust attached to a reply in support of a motion to dismiss at the pleadings stage because the complaint referenced and relied on the deed, and its authenticity was unquestioned).

5

agreed to "perform all covenants, duties and obligations" of Shell under the Agreements "arising on or after the Effective Date." Doc. No. 104, Ex. 1, at 1. Shell agreed to indemnify Aloha "against all claims, suits, liabilities, judgments, losses, and expenses . . . arising from Equilon's performance or non-performance of the [Agreements] prior to the Effective Date" of the Assignment. Id. at 2. According to Shell, the Agreements reverted back to Shell upon resumption of litigation in this case. Shell's Appeal 5. Shell asserts that after this assignment reverted back to it, it executed a temporary assignment (the "Temporary Assignment") back to Aloha effective on September 1, 2011. Id. Shell contends that per the terms of the Temporary Assignment, it will expire and the Agreements will revert back to Shell when the litigation is resolved.[4/] Id.

---

[4/] Plaintiffs did not attach the Assignment or the Temporary Assignment to their Amended Complaint. Shell, however, attached a copy of each assignment to its Opposition along with a declaration by the President and CEO of Aloha that they are true and correct copies. See Doc. No. 104-1; Doc. No. 104, Exs. 1 & 2. Plaintiffs have not disputed the authenticity of the documents. Plaintiffs refer to and rely on the assignment to Aloha in their Amended Complaint. Although Plaintiffs' Amended Complaint does not specifically refer to the temporary assignment, it does contemplate that Aloha is currently assigned the Agreements. In deciding this appeal, the Court will therefore consider the assignments for the purpose of establishing that Aloha is currently an assignee of the Agreements. See Vecchione v. Dep't of Educ., Civ. No. 10-6750, 2012 WL 1075831, at *2 n.3 (S.D.N.Y. Mar. 28, 2012) ("In deciding a motion to amend, the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of and relied on when

Plaintiffs assert in their Amended Complaint that "[a]t no time has Aloha withdrawn or modified the contention of Shell that upon the effective date of termination, [Plaintiffs] will owe the 'liquidated damages' specified in [the Agreements], and Aloha has neither withdrawn nor modified the contentions set forth in [Shell's May 13, 2005,] letter." Am. Compl. ¶ 59. Plaintiffs state that due to Shell and Aloha's insistence that Plaintiffs will be liable for those liquidated damages, Plaintiffs continue to purchase products from Shell and Aloha under economic duress. Id. ¶¶ 60-61.

The Amended Complaint sets forth the following causes of action: Count I - Declaratory Judgment (Shell and Aloha); Count II – Breach of Contract (Shell and Aloha), and Count III - Breach of Implied Duty of Good Faith and Fair Dealing (Shell). Id. ¶¶ 64-71. Plaintiffs seek a declaration that, inter alia, Shell and Aloha are estopped from obtaining liquidated damages. Id. ¶ 65.

## LEGAL STANDARD

The applicable standard of review for this matter is in dispute. Specifically, Shell asserts that the Court should treat the Magistrate Judge's ruling as one on a dispositive matter, and thus like a findings and recommendation. Such treatment would

---

bringing suit, or matters of which judicial notice may be taken.").

7

require the Court to consider those portions of the Magistrate Judge's order objected to de novo.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Haw. Local Rule 74.2.

In contrast, the Court ordinarily considers the appeal of a magistrate judge's order determining a nondispositive pretrial matter under a "clearly erroneous or contrary to law" standard.  See D. Haw. L.R. 74.1; see also 28 U.S.C. § 626(b)(1)(A); Fed. R. Civ. P. 72(a).  The Court, however, may also reconsider sua sponte any matter determined by a magistrate judge in a nondispositive determination.  See D. Haw. L.R. 74.1.

Nondispositive matters are those "pretrial matter[s] not dispositive of a party's claim or defense."  Fed. R. Civ. P. 72(a).  Dispositive matters "involve the determination of the merits of the case or [are] critical in shaping the nature of the litigation."  JJCO, Inc. v. Isuzu Motors Am., Inc., Civ. No. 08-00419 SOM-LEK, 2009 WL 3818247, at *2 (D. Haw. Nov. 12, 2009).  In determining whether a motion is dispositive or nondispositive, the court "look[s] to the 'effect of the motion.'"  Id. (quoting United States v. Rivera-Guerrero, 377 F.3d 1064, 1068 (9th Cir. 2004)).

Generally, a motion for leave to amend the pleadings is a nondispositive matter.  Id.  Here, however, an amendment to add Aloha pursuant to Rule 15 destroys complete diversity and thus will potentially result in a remand to state court.  The District

Court for the District of Hawaii considers motions for remand as dispositive matters. D. Haw. L.R. 72.4; Keown v. Tudor Ins. Co., 621 F. Supp. 2d 1025, 1029 (D. Haw. 2008).

The Court will review the matter de novo and thus need not decide whether a motion to amend that destroys diversity, potentially requiring a remand, is a dispositive or nondispositive matter. If the matter is dispositive, the Court will conduct a de novo review pursuant to Shell's objections to the Magistrate Judge's order. If the matter is nondispositive, the Court elects to exercise its discretion under Local Rule 74.1 to reconsider the matter de novo. Specifically, because Aloha's joinder potentially effects this Court's jurisdiction and may result in a remand, which neither party brought to the Magistrate Judge's attention before his ruling on the motion, the Court concludes it is appropriate to exercise its authority to sua sponte reconsider the Magistrate Judge's decision.[5]

---

    [5]Alternatively, courts have held that when a district court is unaware that joinder will destroy diversity, it may reconsider its prior decision permitting leave to amend a complaint. See Bailey v. Bayer CropScience L.P, 563 F.3d 302, 307 (8th Cir. 2009) (collecting cases); see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."). The Seventh Circuit has held that "if a district judge may reconsider his own order permitting joinder because he did not recognize the jurisdictional implications of his action, then he may certainly reconsider a similar order by a magistrate judge." See Schur v. L.A. Weight Loss Ctrs., Inc. 577 F.3d 752, 762 (7th Cir. 2009). Plaintiffs did not inform the

9

**DISCUSSION**

I.  Legal Framework

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading before trial with leave of court and provides that the court "should freely give leave when justice so requires." Rule 15(d) provides that a court may permit a party "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The Ninth Circuit has held that Rule 15(d) permits a new defendant to be sued in a supplemental complaint. See Keith v. Volpe, 858 F.2d 476, 476 (9th Cir. 1988) (citing Griffen v. Cnty. Sch. Bd. of Prince Edward Cnty., 377 U.S. 218, 226 (1964)). Absent a showing of prejudice to the defendant, courts liberally construe Rule 15(d). Id. at 475.

If a plaintiff seeks to join a defendant whose joinder will destroy complete diversity, however, the liberal standard of Rules 15(a) and (d) does not apply. Instead, the court must analyze the propriety of joinder under 28 U.S.C. § 1447(e), which provides that if a plaintiff seeks to join a defendant that will destroy the court's subject matter jurisdiction after removal, the district court may deny joinder or permit joinder and remand the action to the state court. Hardin v. Wal-Mart Stores, Inc.,

---

Magistrate Judge that Aloha would be a nondiverse defendant and the Court therefore elects to reconsider the Magistrate Judge's interlocutory order.

813 F. Supp. 2d 1167, 1173 (E.D. Cal. 2011); see Wilkinson v. Shackelford, 478 F.3d 957, 961 (8th Cir. 2007) ("[T]he conflict between Rule 15(a) and 28 U.S.C. § 1447(e) is generally resolved by Courts concluding that they have authority to deny joinder under Rule 15(a) notwithstanding the plaintiff's right under that rule.") (internal quotations omitted); Ingram v. CSX Transp., Inc., 146 F.3d 858, 862 (11th Cir. 1998) (concluding that in determining whether to grant a motion to amend a complaint to add a nondiverse defendant under Rule 15(a), the district court should have considered § 1447(e)); Greer v. Lockheed Martin, Civ. No. 10-1704 JF (HRL), 2010 WL 3168408, at *4 (N.D. Cal. Aug. 10, 2010) ("[T]he permissive amendment under Rule 15(a) does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant.").[6]

---

[6] The Ninth Circuit has observed that the decision to permit joinder of a defendant that destroys diversity jurisdiction is left to the sound discretion of the district court. See Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998) ("The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder."). In determining whether to join such a defendant, courts have considered the following factors: (1) whether the putative defendants are necessary for just adjudication of the controversy; (2) whether the plaintiff still could bring an action in state court against the putative defendants; (3) whether there has been an unexplained delay in joinder; (4) whether it appears the plaintiff is seeking to destroy diversity; (5) the apparent merit of the claims against the putative defendant; and (6) whether the plaintiff would suffer prejudice without the joinder of the putative defendants. Bonner v. Fuji Photo Film, 461 F. Supp. 2d 1112, 1119-20 (N.D. Cal. 2006); Perryman v. Life Time Fitness, Civ. No. 09-0452, 2009 WL 2753025, at *2 (D. Ariz. Mar. 24, 2009); see also Mayes v. Rapoport, 198

Federal Rule of Civil Procedure 25(c) states that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Rule 25(c) applies only to transfers of interest that occur during the pendency of the litigation. Andrews v. Lakeshore Rehabilitation Hosp., 140 F.3d 1405, 1407 (11th Cir. 1998). The Rule allows an action to continue unabated after an interest in a lawsuit is transferred, rather than requiring the initiating of an entirely new lawsuit. ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc., 53 F.3d 186, 191 (8th Cir. 1995). Even after an interest is transferred, Rule 25(c) does not require substitution or joinder. See Educ. Credit Mgmt. v. Bernal (In re Bernal), 207 F.3d 595, 598 (9th Cir. 2000). Rather, "[a]n order of joinder is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation." Id. (internal quotations omitted).

In Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426 (1991) (per curiam), the Supreme Court held that

---

F.3d 457, 462 (4th Cir. 1999) (listing relevant factors under the § 1447(e) analysis as including "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities").

diversity jurisdiction persisted despite the fact a non-diverse plaintiff had been joined pursuant to Rule 25(c). It reasoned that "[a] contrary rule could well have the effect of deterring normal business transactions during the pendency of what might be lengthy litigation." Id. at 428-29. Several appellate courts have read Freeport-McMoran narrowly to apply only to situations involving Rule 25. See Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP, 362 F.3d 136, 140 (1st Cir. 2004); Estate of Alvarez v. Donaldson Co., 213 F.3d 993, 994-95 (7th Cir. 2000); Cobb v. Delta Exps., Inc., 186 F.3d 675, 680-81 (5th Cir. 1999); Ingram v. CSX Transp., Inc., 146 F.3d 858, 862 (11th Cir. 1998). Consequently, which rule governs the addition of nondiverse Aloha could have a significant practical effect.

## II. The Parties' Arguments

Shell asserts that the Magistrate Judge did not apply the correct legal standards when it relied on Federal Rule of Civil Procedure 15 in granting Plaintiff's Motion to Amend. Shell's Appeal 11. Shell asserts that instead, Rule 25(c) applies to the instant situation. Id. at 15. Shell argues alternatively, that if Rule 15 applies, the Magistrate Judge erred by failing to apply the equitable factors considered in a 28 U.S.C. § 1447(e) analysis. Id. at 20-21.

Plaintiffs argue that because Shell did not timely assert that Rule 25(c) or 28 U.S.C. § 1447(e) should apply to the

Magistrate Judge, Shell has waived these arguments.  Plaintiffs assert that in any event, Shell failed to show that Aloha should not be added as a defendant pursuant to a § 1447(e) analysis. Pls.' Opp'n 14.  Specifically, they assert Shell failed to show that Aloha should not be joined under Rule 19, that joinder is untimely, that joinder is solely for the purpose of defeating diversity jurisdiction, that there is no possibility that Plaintiffs can state a valid claim against Aloha, or that denial of leave will not prejudice Plaintiffs.  Id. at 8-14.

**III. Application With Regard to Which Rule Applies**

A district court has discretion to consider claims or arguments not raised before the Magistrate Judge.  See Brown v. Roe, 279 F.3d 742, 745 (9th Cir. 2002); United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000).  Although Shell did not initially raise its Rule 25(c) argument before the Magistrate Judge, it did make the argument to the Magistrate Judge in its motion for reconsideration.  As discussed infra, whether Plaintiffs are allowed to add Aloha as a defendant pursuant to Rule 15 or Rule 25 has jurisdictional implications.  Therefore, the Court will exercise its discretion to consider Shell's argument.[7]

---

[7]Furthermore, when an issue is properly before a court, "the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 99 (1991).  What

14

In Educ. Credit Mgmt. v. Bernal (In re Bernal), 207 F.3d 595 (9th Cir. 2000), a bankruptcy court had denied a motion to intervene by an assignee of a debtor's loans in a proceeding in which the debtor sought discharge of the loans. Id. at 596-97. The Bankruptcy Appellate Panel ("BAP") had held that the assignee should not be permitted to intervene under Rules 19 or 24.[8/] Id. at 597. The Ninth Circuit concluded that the district court and BAP had erred in their analysis because "[t]his is the classic situation where the rules for substitution of parties must apply." Id. at 598 (citing Fed. R. Civ. P. 25(c)). The Ninth Circuit explained that Rule 25(c) "focuses on what was really going on in this case, and is designed to cope with that." Id.

In Behrens v. Donnelly, 236 F.R.D. 509 (D. Haw. 2006), a suit involving the purchase of real-estate, Judge Seabright considered a motion to dismiss brought by the defendant purchaser

---

Rule governs this situation is a legal issue. Plaintiffs are not prejudiced because they had an opportunity to brief the issue in their oppositions to Shell's Motion for Reconsideration and Shell's Appeal and to make arguments at the hearing. Thus, the Court exercises its discretion to consider this legal issue. See Longberg v. City of Riverside, 571 F.3d 846, 849 (9th Cir. 2009) (considering a legal argument raised by the defendant for the first time to the district court after trial because the plaintiff had an opportunity to brief the issue and the district court had declined to find waiver and addressed the issue on the merits).

[8/]Rule 19 provides for required joinder of parties and Rule 24 provides for intervention.

for failure of the plaintiff seller to join necessary and indispensable parties. The defendant argued that the case should be dismissed because joinder of the parties, who during the pendency of the proceeding had purchased the property at interest, would destroy diversity. Id. at 510. The court rejected the argument that Freeport-McMoRan did not apply because the motion was brought pursuant to Rule 19 rather than Rule 25. Behrens, 236 F.R.D. at 516. The court concluded that the better approach considers Freeport-McMoRan's underlying rationale, not whether the motion was brought pursuant to Rule 19 or 25. The court explained:

> Freeport-McMoRan held that a post-filing transfer of interest did not destroy diversity jurisdiction. That is exactly the facts presented in the instant case. . . . To restrict Freeport-McMoRan to motions brought under Rule 25 would, in this instance, elevate form over substance and deter (or perversely encourage) business transactions during the pendency of litigation.

Id. at 516.

As with the situation in In re Bernal, Rule 25(c) is focused on what happened in this situation. After the initiation of the lawsuit, Shell transferred its interest in the Agreements at issue to Aloha. Plaintiffs' claims against Aloha are based entirely on Aloha's right it acquired as assignee of the Agreements, the right to continue supplying gasoline to Plaintiffs. In fact, Plaintiffs assert that "[s]ince Aloha has

assumed and agreed 'to perform all covenants, duties and obligations' of the RSAs, and since the RSAs are the subject matter of this lawsuit, Plaintiffs have been properly granted leave to add Aloha as a defendant." Pls.' Opp'n at 10.

Similarly to <u>Behrens</u>, the Court concludes that Rule 25 can apply despite the fact Plaintiffs brought the motion under Rule 15. To hold otherwise, would allow plaintiffs to avoid <u>Freeport-McMoRan's</u> holding that post-filing transfers of interest do not destroy diversity by citing Rule 15 in seeking to join defendant that fall squarely within the ambit of Rule 25(c). This would "elevate form over substance and deter (or perversely encourage) business transactions during the pendency of litigation."

Accordingly, the Court will consider Plaintiffs' motion to join Aloha as governed by Rule 25(c). See <u>Hirsch v. Green</u>, 382 F. Supp. 187, 189 (D. Md. 1974) (concluding that Rule 25(d) "clearly governed" plaintiff's motion to amend his complaint to allow substitution of defendants, despite the fact that plaintiff cited Rule 15 as authority because the more specific rule, Rule 25, governed over the general rule, Rule 15(a)).

**IV. Application of Rule 25 to Plaintiffs' Request to Join Aloha**

The Court thus has discretion under Rule 25(c) to allow Plaintiffs to add Aloha as a defendant. Shell does not dispute that it transferred its interest in the Agreements to Aloha during the pendency of this litigation. Plaintiffs seek

17

declaratory relief and damages against Aloha based on the interest transferred, i.e., Aloha's right to supply gasoline to Plaintiffs. Plaintiffs' Amended Complaint alleges that Aloha has not withdrawn or modified Shell's contention that upon termination of the Agreements, Plaintiffs will owe liquidated damages. Am. Compl. ¶ 59. The Amended Complaint asserts that therefore, Plaintiffs continue to purchase products from Shell and Aloha under economic duress. Id. ¶¶ 60-61. Plaintiffs contend that Aloha is directly liable to Plaintiffs for the damages resulting from the period subsequent to the assignment. Pls.' Opp'n 11. Plaintiffs assert that they cannot obtain complete declaratory relief if Aloha is not a party because Aloha is the current supplier under the RSAs. Id. at 11. Plaintiffs also state that it is possible that Aloha could bring a collateral challenge to any judgment if Aloha is not added as a defendant. Id.

The Court agrees that it is possible Plaintiffs may not be able to obtain complete relief if Aloha, the current supplier under the Agreements at issue, is not a party. The Court thus concludes that allowing Plaintiffs to add Aloha as a defendant will facilitate the conduct of the litigation. See e.g., Kowalski v. Mommy Gina Tuna Res., Civ. Nos. 05-00679 BMK, 06-00185 BMK, 05-00787 BMK, 2008 WL 4483774, at *8 (D. Haw. Sept. 30, 2008) (explaining that "to the extent that the interests

transferred are the infringing business activities that are the subject of this case, any continuing infringing activity by the 25(c) Defendants subsequent to transfer may be relevant to the calculation of damages should [the plaintiff] prevail against the original Defendants"); <u>Blachy v. Butcher</u>, 221 F.3d 896, 911 (6th Cir. 2000) (determining that a non-party was properly added as a defendant under Rule 25(c) because a party's "interest in the property, which is the subject of the suit, was transferred to her during the course of the litigation.").

In <u>Freeport-McMoRan</u>, the Supreme Court indicated there might be an exception to its holding that joinder of a nondiverse party through Rule 25(c) does not destroy a court's diversity jurisdiction if the party joined was an indispensable party at the beginning of the litigation. 498 U.S. at 428. Aloha, however, is not such a party as Shell assigned Aloha the Agreement at issue after the commencement of this litigation. Because substitution under Rule 25(c) does not destroy diversity, the Court need not conduct a § 1447(e) analysis.

Thus, the Court will affirm the Magistrate Judge's grant of Plaintiffs' Motion to Amend with the qualification that Plaintiffs' permission to amend their complaint to add Aloha as a defendant is pursuant to Rule 25(c).

## **CONCLUSION**

For the foregoing reasons, the Court Affirms the Magistrate Judge's grant of Plaintiffs' Motion to Amend with the qualification that Plaintiffs' permission to amend their complaint to add Aloha as a defendant is pursuant to Rule 25(c), rather than Rule 15.[9]

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, June 7, 2012.



_____
Alan C. Kay
Sr. United States District Judge

Kapunakea Partners, et al. v. Equilon Enterises LLC, et al., Civ. No. 09-00340 ACK-KSC: Order Affirming Magistrate Judge's Order as Modified

---

[9] The Court notes that Plaintiffs' Motion to Remand asserts two grounds for removal, i.e., that Shell's removal notice is defective and that the joinder of Aloha destroyed diversity jurisdiction. See Doc. No. 156. Consequently, although Plaintiffs' argument with respect to Aloha fails based on the instant Order, Plaintiffs' Motion to Remand is not moot due to Plaintiffs' contention regarding the allegedly defective notice of removal.